UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH VALENTINE AWE (#1404039)           CIVIL ACTION

VERSUS

WEST FELICIANA PARISH SHERIFF           NO. 13-0689-JJB-RLB
"JOHN DOE", ET AL.

## RULING

This matter comes before the Court in connection with the Court's Order dated November 5, 2013 (Rec. Doc. 3), denying the plaintiff authorization to proceed *in forma pauperis* in this case and directing him to pay, within twenty-one (21) days, the full amount of the Court's filing fee.

On November 5, 2013, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), the Court entered an Order denying the plaintiff's motion to proceed *in forma pauperis* in this case and ordering him to pay, within 21 days, the full amount of the Court's filing fee (Rec. Doc. 3). The plaintiff was placed on notice that a failure to comply with the Court's Order "shall result in the dismissal of the above-captioned proceeding without further notice from the Court." *Id.*

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and pauper status shall be denied where the prisoner has filed, on at least three prior occasions, actions or appeals which have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Accordingly, pursuant to *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), and 28 U.S.C. § 1915(g), this Court denied the plaintiff's motion to proceed *in forma pauperis* and directed him to pay the full amount of the Court's filing fee within 21 days.[2] Now, a review of the record by the Court reflects that the plaintiff has failed to pay the filing fee as ordered. Accordingly, the plaintiff's action is subject to dismissal for failure to pay the Court's filing fee.

**IT IS ORDERED** that the above-captioned proceeding be dismissed, without prejudice, for failure of the plaintiff to pay the Court's filing fee.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 12th day of December, 2013.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

---

1. Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Kenneth V. Awe v. Grant County Jail, et al.*, Civil Action No. 06-0034-BBC (W.D., WI), *Kenneth V. Awe v. St. Louis Psychiatric Rehabilitation Center*, Civil Action No. 06-0644-CAS (E.D., MO), *Kenneth V. Awe v. Harold W. Clarke, et al.*, Civil Action No. 11-0537-RAJ-FBS (E.D., VA), *Kenneth V. Awe v. lakeway Publishers of Mo., Inc, et al.*, Civil Action No. 12-0528-JLK-RSB (W.D., VA), and *Kenneth V. Awe v. Virginia Department of Corrections*, Civil Action No. 12-0581-JLK-RSB (W.D., VA). In each of the referenced cases, the plaintiff has been identified by reference to the same prison identification number as that stated by him in this case.

2. The Court has previously determined that the allegations of the plaintiff's Complaint do not meet the "imminent danger" exception contained in 28 U.S.C. § 1915(g). *See* Rec. Doc. 3 at note 2.